BRADY, Justice:
This is an appeal from the Chancery Court of the Second Judicial District of Carroll County, Mississippi. The chancellor found that as between the two co-defendants, Holmes County Bank & Trust Company and Grenada Trust & Banking Company, the former was liable in the amount of $1,384, being the total amount of four checks drawn on it plus interest. From this decree an appeal was taken.
This case was originally filed in the chancery court as a petition for partition of land. On October 17, 1967, the court entered a decree appointing Ralph Self, deputy chancery clerk, as special commissioner and ordering him to make the sale of lands involved in this suit. Mr. Self made the sale of the land as directed in the decree and deposited the proceeds of the sale in the Holmes County Bank & Trust Company. An attorney who represented some of the petitioners requested the commissioner to draw four checks payable to his clients and to himself for the proportionate amounts due them, as heirs, from the sale of the land. The attorney agreed to obtain deeds from his clients conveying to the purchaser of the land their proportionate title therein, which deeds were not secured. On January 19, 1967, Mr. Ralph Self, the special commissioner, drew four checks in the amount of $346 each, payable to the attorney and to his clients, which checks were delivered by the special commissioner to the attorney.
The attorney endorsed each check by typing on the back thereof the names of the other payees and endorsing his own name thereon. He then presented the checks to the appellee, Grenada Trust & Banking Company, for payment. The ap-pellee bank paid the checks, and they were then cleared through regular banking channels. Subsequently they were honored and paid by the appellant, the Holmes County Bank & Trust Company. The attorney converted the entire amount of $1,384 to his own use, depositing it in the *506 Grenada Bank & Trust Company in Grenada, Mississippi, and none of the other payees ever received anything. The chancellor rendered a decision against the Holmes County Bank & Trust Company and from that decision the appellant appeals on the sole proposition that the ap-pellee here, the Grenada Bank & Trust Company, is liable for cashing the four improperly endorsed checks.
There are numerous transactions, which do not concern us, that occurred with reference to the vendee of tlte land and the heirs involved in the partition suit. Mr. Self, special commissioner, properly executed the checks involved. Thereafter, on presentation, the Holmes County Bank & Trust Company cashed the checks properly drawn on it by the special commissioner appointed to sell the land under the partition decree. The sole question before this Court is whether or not the Holmes County Bank & Trust Company can recover against the Grenada Trust & Banking Company on account of the latter bank cashing these improperly endorsed checks and depositing the funds into an account in which only the attorney was interested.
An astute brief on this particular issue is found in the case of First National Bank of Jackson v. Deposit Guaranty Bank & Trust Company, 247 Miss. 765, 777-778, 156 So.2d 814, 818-819 (1963), in which Justice Rodgers, speaking for this Court, said:
We are inclined, however, to follow that line of authorities which hold that the defendant-holder owed the plaintiff-drawee-bank no duty imposed by custom or otherwise, to inquire into the genuineness of the check. It has the right to take the risk of advancing the money upon it, if it were forged, or if for any other reason the bank was justified in refusing to pay it. The plaintiff’s counter is the proper place at which to ascertain whether or not the check is genuine. If the plaintiff’s officers and clerk omit to exercise the care and caution they would have used had the check been presented by some other institution or person, it has its agent to blame and not the defendant-holder. The cashing of a check by the bank upon which it is drawn effectually closes the transaction. See: Salt Springs Bank v. Syracuse Sav. Inst., 62 Barb. (N.Y.) 101; Fidelity &. Deposit Company of Maryland v. Peoples Exchange Bank of Thorp, 270 Wis. 415, 71 N.W.2d 290.
This rule is necessary, and is ably expressed by the textwriter in Anno. 12 A.L.R. 1091 in the following language: “Conditions would be intolerable if the retiring of commercial paper through its payment by the drawee did not close the transaction, but it was possible at an indefinite time in the future to reopen the matter, and recover the money, if the paper proved to have been forged. No one would dare handle it, and it would pass out of use regardless of its convenience or necessity as a part of the life of business. There is nothing inequitable in such a rule. If the paper comes to the drawee in the regular course of business, and he, having the opportunity of ascertaining its character, pronounces it valid and pays it, it is not only a question of payment under mistake, but payment in neglect of the duty which the commercial law places upon him, and the result of his negligence must rest upon him.”
The facts in the case of First National Bank of Jackson v. Deposit Guaranty Bank & Trust Company, supra., are strikingly similar to the facts in the case at bar and the rule of law in that case governs and controls here. The judgment is therefore affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, JONES and SMITH, JJ., concur.